THORNTON DAVIDSON, #166487
The ERISA Law Group
2055 San Joaquin Street
Fresno, California 93721-2717
Telephone:   (559) 256-9800
Facsimile:   (559) 256-9795
e-mail: thorntondavidson@aol.com

Attorney for Plaintiff, CARRIE RIZZOTTI

E-filing

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE RIZZOTTI, | Case No: CV-08-2749 |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF |
| v. | |
| CENTRAL PACIFIC MORTGAGE COMPANY LONG TERM DISABILITY PLAN, | |
| Defendant. | |

Plaintiff Carrie Rizzotti ("Plaintiff") alleges as follows:

### JURISDICTION

1.     Plaintiff's claim for relief arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3). Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

### VENUE/INTRADISTRICT ASSIGNMENT

2.     Venue is proper in the Northern District of California in that Plaintiff is and was a resident of the city of Napa, in the county of Napa, and in the state of California, when Defendant denied Plaintiff's long-term disability benefits. Therefore, 29 U.S.C. section 1132(e)(2) provides for

1  venue in this court in the San Francisco Division.

## PARTIES

3. Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the Central Pacific Mortgage Company Group Long Term Disability Plan ("the Plan") which was issued by The Prudential Insurance Company of America in which Central Pacific Mortgage Company participates, and thereby is entitled to receive benefits therefrom. Plaintiff was a beneficiary because she was an employee of Central Pacific Mortgage, which established the Plan.

4. Defendant the Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

## CLAIM FOR RELIEF

5. Prudential issued The Policy No.: G-44740-CA to Central Pacific Mortgage Company ("The Policy").

6. The Policy provides long term disability benefits after an elimination period of 180 days, for a which a person under the age of 60 at the time the disability occurred, as was Plaintiff herein, such benefits potentially could continue until age 65.

7. In order to be eligible for benefits under The Policy, an employee must meet the Policy's definition of total disability. The Policy defines total disability as follows:

> "You are disabled when Prudential determines that:
> * you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury.;*
>
> * you have a 20% or more loss in your *indexed monthly earnings* due to that sickness or injury; and
>
> * you are under the *regular care* of a *doctor*.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience."

8. Plaintiff was employed by Central Pacific Mortgage Company as a Senior Loan Officer.

9. Plaintiff became disabled on August 18, 2006.

COMPLAINT FOR DECLARATORY RELIEF

2

10. Plaintiff applied for, and was denied LTD disability by letter dated March 8, 2007.

11. By letter dated September 4, 2007, Plaintiff appealed the denial of her LTD benefits.

12. By letter dated April 4, 2008, Defendant denied Plaintiff's appeal.

13. Plaintiff applied for and was granted Social Security Disability effective February 2007.

14. At all times mentioned herein Plaintiff was, and continues to be totally disabled under The Policy's definition of totally disabled.

15. This Court is required to review the termination of benefits de novo because The Policy does not grant Prudential discretionary authority.

16. Defendant is collaterally estopped to deny that Plaintiff is totally disabled under The Policy's definition because:

   A. Defendant required Plaintiff to apply for Social Security Disability benefits.

   B. Plaintiff did so, and was awarded such benefits.

   C. Pursuant to the terms of The Policy's all such benefits, except COLA's were paid or used to decrease Defendant's obligation to Plaintiff.

17. Plaintiff has exhausted all administrative remedies required to be exhausted.

18. Defendant's denial of Plaintiff's long-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of The Policy.

19. An actual controversy has arisen and now exists between Plaintiff and Defendant with respect to whether Plaintiff is entitled to long-term disability benefits under The Policy.

20. Plaintiff contends, and Defendant disputes, that Plaintiff is entitled to benefits under the terms of The Policy for long-term disability because Plaintiff contends, and Defendant Defendant disputes, that Plaintiff is totally disabled.

21. Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that Defendant is obligated to pay long-term disability benefits, under the terms of The Policy, retroactive to the first day her benefits were denied, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms

of The Policy.

22. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

23. As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of The Plan. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of The Policy.

WHEREFORE, Plaintiff prays judgment as follows:

1. For declaratory judgment against Defendant, requiring it to pay long-term disability benefits under the terms of The Policy to Plaintiff for the period to which she is entitled to such benefits, with prejudgment interest on all unpaid benefits, until Plaintiff attains the maximum age for which benefits are payable under The Policy or until it is determined that Plaintiff is no longer eligible for benefits under the terms of The Policy.

2. For attorney's fees pursuant to statute.

3. For costs of suit incurred.

4. For such other and further relief as the Court deems just and proper.

Dated: May 30, 2008

THORNTON DAVIDSON
Attorney for Plaintiff,
CARRIE RIZZOTTI

COMPLAINT FOR DECLARATORY RELIEF

4